Frank G. Lawton
vs.
Auburn Volunteer Fire Co., et al. } Eq. No. 10275.

January 29, 1931.

WALSH, J. This matter comes to us on bill, answer and proof.

The bill of complaint is brought in the name of Frank G. Lawton as a member of the Auburn Volunteer Fire Company. It sets forth in substance that he is a member in good standing, that he has been for some time and that at a meeting of the company held on May 5th, 1930, the money of the company was voted by resolution to be distributed in a certain manner among certain members of the company. He sets forth that that action of the corporation at that time was contrary to the charter and by-laws and the General Laws of the State, and was illegal.

In support of his bill of complaint Mr. Lawton introduces records of meetings held by the Auburn Volunteer Fire Company on February 5th, 1930, March 5th, 1930, April 2nd, 1930, May 5th, 1930, and June 4th, 1930. From the reading of those minutes it is apparent that, beginning February

5th and ending June 4th, there was discussion at each one of those five meetings on the distribution of the funds of this company. There are a hundred members of this company. The testimony is uncontradicted that, for the meeting at which the resolution was passed, May 5th, 1930, the secretary sent out to each of those hundred members a notice of the meeting to be held May 5th, 1930, in which notice was a specific reference to this resolution to make payment of certain money to certain individuals.

On May 5th, 1930, it appears there were thirty-five members present. The minutes show that twenty of them voted for this resolution and nobody voted against it. Fifteen of the men stood there without voting. According to the testimony of one witness, thirteen of the men who were to receive the benefit of this resolution voted for it; another witness said that fourteen of them voted for it.

Mr. Lawton, when examined about his failure to vote against the resolution, intimated to the Court that he and his supporters felt it was useless to do so, and for that reason they did not vote.

We have the hundred members notified of the meeting, special information given as to the purpose of the meeting, and thirty-five members present. Thirteen or fourteen of the members who voted for this proposition were incapable of voting. They should not have been allowed to vote. They should not have been allowed to remain in the room while the matter was under discussion. It was highly improper for them to vote the money of this company into their own pockets. It is true that there were six or seven there who voted with them but there were fifteen who didn't vote, and that speaks eloquently to the Court. The reason why those fifteen did not vote is not known to the Court but we feel that it may have been the reason given by the petitioner, that it was useless.

The Court is inclined to believe that with these thirteen or fourteen, who would be benefitted by the resolution, there in the room prepared to argue their position and prepared to vote their position, it wasn't strictly a fair vote for everybody concerned. We think no one of them should have been allowed in the room to take part in the discussion or to vote. If this resolution had been passed with these thirteen or fourteen beneficiaries out of the room, even by close vote, it would have been a different proposition. There is no question but what the corporation could dispose of this money if it wanted to, providing the vote was legal, but the Court is not convinced that the vote was legal. We do not think the money of the corporation should be distributed until the corporation has had ample opportunity to pass upon this question without the presence, either in person, by proxies or in debate, of the persons vitally interested in the outcome of the vote.

Prayer of the bill for relief granted.

For complainant: Frederick A. Jones.

For respondents: John P. Hartigan.